## WALDO *v.* MITCHELL.

A plea in abatement of a writ of entry, by reason of a levy of execution on a part of the demanded premises, is bad.

A replication to a plea of entry by the demandant, or a stranger, and ouster of the tenant, must show the tenant again in possession, or it is bad.

There can be no *respondeas ouster* to a plea *puis darrein continuance.*

WRIT OF ENTRY.   The demandant counted as follows:

" W. T. Mitchell, &c., is summoned to answer to W. Waldo, &c., in a plea of land, wherein the said Waldo demands against the said Mitchell a certain tract of land, situate in said Orange, bounded on the north by land of Samuel Andrew, east by land of C. M. Sanborn and H. McGrath, south by land of said Mitchell, and west by land of said Mitchell and land of W. Cheney; it being the southerly half of lot No. 32, in the first division of lots in said town of Orange, originally assigned to the right of J. M. Hurd ; whereof the said Mitchell, unjustly and without judgment, disseized the said Waldo, within twenty years now last past; and thereupon he says that he was seized of the *messuage* aforesaid, with the appurtenances, in his demesne as of fee and right, in a time of peace, taking the profits thereof to

the value of twenty dollars, and thereof the said Mitchell unjustly, and without judgment, disseized him, the said Waldo, within twenty years last past, and still unjustly withholds the same, to the damage," &c.

The tenant pleaded in abatement as follows :

" And now, at this term, held on the second Tuesday of May, being the eighth day of May, A. D. 1849, until which day and term the plea aforesaid was last continued, the said Mitchell comes and prays judgment of the plaintiff's said writ, and that the same may abate, because he says that E. Blaisdell, of, &c., on the first Tuesday of October, A. D. 1848, by the consideration of the justices of the court of common pleas, holden at Haverhill, in and for said county, recovered judgment against the said Waldo, by the name of, &c., for the sum of $38.38, debt or damage, and costs taxed at $7.20 ; and on the thirty-first day of the same October the said Blaisdell sued out a writ of execution on his said judgment and delivered the same to C. Blodgett, then and still a deputy of the sheriff of said county ; and the said Blodgett, by direction of the said Blaisdell, on the 7th day of April, A. D. 1849, since the last continuance of this cause, entered into the demanded premises, and extended said execution on a parcel of said demanded premises, in due form of law and according to the precept of said execution, and delivered possession thereof to the said Blaisdell, and made due return of his said doings. To which extent the said Waldo assented, and appointed one of the appraisers thereon, which said execution, levy and return were duly recorded in the registry of said county, on the ninth day of the same April, which said parcel of the same premises is described as follows, to wit : ' beginning at a stake and stones, standing in the door yard of the said Mitchell ; thence south fifty-three degrees east, eighty rods, to a stake and stones ; thence north thirty-seven degrees east, forty rods, to a stake and stones, standing in the line of land of Samuel Andrews ; thence north fifty-three degrees west, eighty rods, to a stake and stones, standing on the southwest corner of said Andrews's land ; thence south thirty-seven degrees west, forty rods,

to the bounds first described; containing twenty acres, by which said extent of the same execution the said Mitchell was disseized of the said parcel of land, and the said Blaisdell became seized and still is seized thereof; all of which the said Mitchell is ready to verify; wherefore he prays judgment of the plaintiff's writ, and that the same may abate.' "

The demandent rejoined :

" And now at this term the said Waldo says, that by reason of anything in the defendant's plea alleged, his said writ ought not to abate, because he says that since the said levy in said plea mentioned, and within one year from the return day of said execution, to wit, on the 6th day of April, A. D. 1850, the said Waldo, the debtor in said execution named, paid to the said Blaisdell, the creditor therein, the sum at which said parcel of land on which said execution was extended as aforesaid, was appraised, with interest from the time said levy was received by the register of deeds, whereby said extent became and is void. And this the said Waldo is ready to verify, wherefore he prays judgment," &c.

The tenant demurred specially for the following causes :

1. The plaintiff in his said replication has not alleged that the plaintiff has become reseized of the demanded premises since the levy of the said execution upon said premises.

2. The replication does not allege that the plaintiff has entered into the land since the said levy, and become seized thereof.

3. The replication does not allege that the defendant has disseized the demandant of the demanded premises since the said levy, or that he has possession and seizin thereof, so that he can render the same to the demandant.

And the demurrer was joined.

*Bellows*, for the tenant. Since the bringing of this suit a person deriving title from the demandant has entered upon a part of the demanded premises and ousted the tenant, and therefore the writ must abate.

The general principle, that if the demandant or a stranger

having a better title, pending the action, enter upon and oust the tenant, the writ will abate, appears to be well established. Jackson on Real Actions, 93, 145 ; Comyn's Dig., Abat., H, 47, 48 ; *Walcutt* v. *Spencer*, 14 Mass. 409 ; *Bailey* v. *March*, 3 N. H. Rep. 276 ; *Eldridge* v. *Alcock*, 2 Pick. 319. And if he enter into parcel, the whole will abate ; Com. Dig., Abat., H, 48. So when the entry is into part only of the lands in question, the writ shall abate for the whole. Stearns on Real Actions, 215, citing Thel. Dig., lib. 12, chap. 21, § 8. In this case the entry stands upon the same footing as an entry by the demandant, it being under a title derived from him during the pendency of the writ, the levy operating like a grant by the demandant ; although, in fact, an ouster by a stranger would have the same effect to abate the writ. Nor can this be avoided by the redemption of the estate and the reëntry of the demandant.

The extent of the execution and the entry by the creditor effectually divested the demandant of the seizin he had when the action was brought, and the tenant had nothing to render him. The cause of abatement was then perfect, and could not be affected by the subsequent revesting of the estate in the plaintiff and his reëntry into it ; for it is manifest that this was not the seizin he had when the action was brought, but was acquired afterwards, and that will not answer.

The replication is also bad in *form ;* inasmuch as there is no allegation that the plaintiff has reëntered since the redemption, and become re-seized.

Neither is it alleged that the defendant has since the levy disseized the demandant, or that he has possession so that he can render the same.

It appears, then, that the demandant alleges no seizin since the levy, and it also appears that if he has any seizin, it is not the seizin he stood upon when the action was brought.

*Kittredge*, for the demandant. We do not deny that an entry by the demandant into the demanded premises, *pendente lite,*

abates his writ; nor that an entry into part abates his writ for the whole.

But the entry that abates the writ must be such an entry as makes him tenant of the land, and must be so pleaded. Com. Dig., Abat., H, 48. It must be such an entry as works an actual ouster of the tenant. *Towle* v. *Ayers*, 8 N. H. Rep. 57.

But every entry is not a disseizin, unless there be an ouster and taking of profits. Co. Lit. 181, *a*.

The entry of a creditor to make an extent is not such an entry. It is only technical, legal, or more properly, statutory. It is not made for the purpose of turning the tenant out, but is a step required by statute to enable a creditor to acquire an inchoate title.

The plea does not allege an actual disseizin. It merely sets out the extent, and alleges that " by said extent the creditor became seized and the tenant disseized." Here is nothing inconsistent with the continued actual possession and occupation of the land by the tenant, and that is not enough. It should have added, " and the creditor still remains tenant of the land." Such is the form. Stearns on Real Actions, 462, 466.

But the entry set out in the plea is under the execution, and not under the extent. The entry is by virtue of the execution to make an extent; it shews an extent and nothing more. It should have alleged an entry under the extent, and an ouster. But the extent was not a disseizin of this tenant, either in fact or in law. An extent disseizes the debtor and gives seizen to the creditor, but affects no other person. *Blood* v. *Wood*, 1 Met. 528; *Batt* v. *Burnell*, 9 Mass. 96.

In *Blood* v. *Wood* the court say, " the levy may be considered, as between the parties, as divesting the seizin of the debtor and giving seizin to the creditor, but has no effect to disseize any other person who is the true owner, unless accompanied by such acts as amount to an actual ouster." The entry must be under the extent, and attended with an actual amotion of the tenant. It must be such an entry as makes the creditor " tenant of the land." It is not the extent which disseizes a third person, but an entry under the extent. But the tenant contends in this case

---

that the act of the creditors which disseized the demandant, is also the act of the demandant, and disseizes the tenant; that the demandant is at one and the same time both disseizee and disseizor, which is absurd.

As the plea in this case sets out only the entry of the creditor under the execution to make the extent, and no entry under the extent, and of course no ouster of this tenant, the plea is bad.

It is said that a third person may, in case of an extent, treat the entry of the creditor as a disseizin, and that the doctrine of disseizin by election applies. This we deny. A person cannot elect to treat the act of another as a disseizin, without abandoning the premises, and giving the other the benefit of the disseizin. He cannot elect to be disseized, and retain the possession, as in this case.

Again, it is only for the sake of the remedy that a person is allowed to treat the act of another, which does not amount to an actual ouster, as a disseizin. It is allowed to a party to enable him to try the title, and for no other purpose. He must abandon the possession and bring his action. But in this case, if allowed, it would be to avoid a trial of title—the opposite purpose for which it is allowed. The tenant retains possession, and asks permission to treat the extent as a disseizin, for the purpose of defeating an action brought to try his title. Nothing can be more absurd. *Towle* v. *Ayer*, 8 N. H. Rep. 62.

But if the plea were good, the replication is an answer. The Revised Statutes, 394, enact that upon redemption the extent shall be void. It cannot be set up; and the demandant stands as at the beginning. The debtor may redeem by payment of the appraised value of the land and interest. If the extent is not void as from the beginning, upon redemption, then it follows that the creditor may enter, take the rents and profits, and receive interest for his money at the same time. The debtor can redeem only on payment of the appraised value and interest. His only remedy for the rents and profits, in case the creditor has received them, is by action. But if the extent can be set up by the creditor after redemption, it amounts to a justification, and

Waldo *v.* Mitchell.

defeats the suit. The only way, therefore, for the debtor to re-
cover the rents and profits of his land, is by holding the extent
void, as if it had not been. Such are the words of the statute.

In Massachusetts, the rents and profits may be deducted from
the debt; but our statute makes no such provision.

If it is said the creditor cannot enter under his extent till it
has become absolute, that of itself would be an answer to the plea.

It was not necessary to allege a seizin of the demandant after
the redemption. The declaration alleges a seizin, and the ex-
tent being void the demandant stands upon his original seizin.

Nor was it necessary to allege that the tenant had reëntered
and disseized the demandant; because he had never been ousted,
or ceased to be tenant of the land, and the plea does not allege
it. It merely sets out the extent. It was enough, therefore, to
allege that the extent was void.

BELL, J. The replication in this case is bad, for the cause of
demurrer last assigned, namely, that the tenant who alleges in
his plea that he has been disseized and put out of possession,
and is for that reason unable to render the demanded premises
as required by the writ, still remains disseized, and out of posses-
sion, notwithstanding any thing alleged in the replication. That
the tenant has reëntered and is now tenant, is a good replication.
Com. Dig., Abatement, H, 48; because it shows that a good
cause of action still remains against him. But it is not enough
that the levy under which Blaisdell entered and disseized, that
is, dispossessed the tenant, is avoided by a redemption, for that
may be true and still the tenant who had escaped from a law-
suit may not have again subjected himself to the demandant's
action by a reëntry. If that is the fact, it must be distinctly al-
leged. Here nothing is stated in regard to the possession in the
replication. If then the plea is good, the demandant's writ must
be abated.

The plea, as a plea of entry or disseizin by the demandant, to
say nothing of its being, as such, merely argumentative, is defect-
ive in substance, because every such plea must show such an

---

Waldo *v.* Micthell.

---

entry as makes the demandant tenant of the land; and it is not enough to set forth that he went upon the land without claiming any thing. Com. Dig., Abat., H, 48; Plowd. Comm., 92; 9 Vin. Ab., 466, Entry G, 7, pl. 15.

Here it is not alleged that the demandant entered upon the land, either with or without a claim, but merely that he assented to the levy made by his creditor, by appointing an appraiser, and that Blaisdell, the creditor, became seized, and not the demandant.

But the recovery of the land by a stranger is equally good cause of abatement as the entry of the demandant himself. Com. Dig., Abat., H, 54; *Walcutt* v. *Spencer*, 4 Mass. 409.

And this plea, if well pleaded, would be a good plea of such recovery; for an extent, accompanied by actual possession of the creditor, seems to stand on the same reason as a recovery by a judgment at law. But there is this difference between a plea of entry by the demandant and a recovery by a third person: An entry by the former into a part of the demanded premises abates the writ for the whole. Com. Dig., Abat., H, 48; Bro. Ab., Briefe, 332. A recovery of a part of the premises by a stranger abates the writ for that parcel only. Com. Dig., Abat. H, 54. The reason of this distinction it is unnecessary to inquire into. It is enough that we find the rule established. Perhaps a sufficient reason would be found in the circumstance, that in the first case the party's writ is defeated by his own act. By the last rule, the defendant's plea is bad, because the recovery of part is pleaded in abatemet of the whole writ. It is good cause to abate it only for so much. If an entire plea is bad in part, it is bad for the whole; 1 Ch. Pl., 522; Com. Dig., Pleader,-E, 36; *Harris* v. *Jameson*, 5 D. & E. 553; *Hallett* v. *Holmes*, 18 Johns. 28, and cases collected in 3 U. S. Dig., 154; 5 do. 548.

As there can be no *respondeas ouster* after a plea *puis darrein continuance*, (Com. Dig., Abat., J, 15; 1 Ch. Pl. 457,) there must be

*Judgment for the demandant.*